IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LACAUNA ADAMS on behalf of )
D.J.W., a minor child, )
)
        Plaintiff, )
)
v. ) Case No. CIV-10-049-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Lacauna Adams ("Plaintiff"), on behalf of the minor child, D.J.W. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. requires the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on October 1, 2001 and was 8 years old on the date the ALJ issued his decision. Claimant is alleged to have become disabled due to asthma.

**Procedural History**

On December 7, 2006, Claimant, through his representative, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On September 18, 2009, a hearing before ALJ Lantz McClain was held in Tulsa, Oklahoma. By decision dated December 7, 2009, the ALJ found that Claimant was not disabled. On January 27, 2009, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

3

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and he had not been under a disability at any time since the alleged onset date.

### Review

Plaintiff, acting *pro se* in this appeal, asserts the ALJ committed error in failing to find Claimant's combination of physical impairments rendered him disabled.

### The Step Three Analysis

At the administrative hearing, D.J.W. testified he was in the first grade, earned good grades, and participated in physical education with the other students. (Tr. 57-58). Plaintiff testified Claimant's physicians had not placed any limitations upon his activities. (Tr. 60). Claimant's asthma attacks were described as wheezing. The school administered Claimant's medication. (Tr. 31-34). Plaintiff could not identify the frequency of the attacks Claimant suffers. At the worst, Claimant's school called Plaintiff about twice per week when he was wheezing. The school would give Claimant the medication and Plaintiff would have to give him a breathing treatment before school. (Tr. 33-34).

In his decision, the ALJ found Claimant's and Plaintiff's testimony to be credible. (Tr. 14). Plaintiff appears to argue this finding leads *per se* to a disability determination. This is

4

not accurate. The testimony, as accepted, simply did not reveal a disability.

In considering whether Claimant's condition meets a listing, reference to Listing 103.03(B) is appropriate. An asthma attack meets this listing when the evidence indicates the following:

> Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03(B).

The definition for an "attack" is established as

> prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction.

20 C.F.R. Pt. 404, Subpt. P., App. 1 § 3.03(C).

The medical record and testimonial evidence from Plaintiff and Claimant do not support the required findings under these regulations. As the ALJ determined, Claimant experienced minimal functional limitations as a result of his asthma and,

5

therefore, was not disabled for purposed of awarding benefits. This Court acknowledges Plaintiff's references to the Americans with Disabilities Act but find the standards for a disability finding under that Act have no relevance to the disability findings under the Social Security Act. <u>Cleveland v. Policy Management Systems Corp.</u>, 526 U.S. 795, 801 (1999).

## Conclusion

Based upon the foregoing, the undersigned Magistrate Judge finds the decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge respectfully recommends the ruling of the Commissioner of Social Security Administration be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 15th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE